UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALLEN R. COBB, 06-B-1637,                  **DECISION AND ORDER**
                                                                                            **DENYING MOTION TO**
                         Petitioner,                                   **APPOINT COUNSEL**

v.                                                                                                                       9-CV-00491(M)

DAVID UNGER, Superintendent,

                         Respondent.
_____

             Before me is petitioner's motion for appointment of counsel [8].[1] Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254, vacating his judgment of conviction for criminal sexual acts in the first and second degrees of (NY Penal Law §§130.45 and 130.50) because of (1) a deprivation of effective assistance of trial and appellate counsel; (2) prosecutorial misconduct in withholding favorable <u>Brady</u> material and coercion; (3) a harsh and excessive/cruel and unusual sentence; (4) a statement being illegally obtained from him; (5) a violation of his Fifth Amendment right against double jeopardy; and (6) the denial of his right to appeal. Petition [1].

             Petitioner now moves for appointment of counsel pursuant to 28 U.S.C. §1915(e) because he is "a layman with very little understanding of the law, who entered into a disproportionate plea agreement through the coercion of the District Attorney with the cooperation of [his] Attorney. A lack of competent, honest Counsel could lead to a further violation of [his] rights under the Constitution". Motion for Appointment of Counsel [8].

---

         [1]         Bracketed references are to the CM/ECF docket entries.

"It is well settled that there is no constitutional right to counsel in a habeas corpus proceeding . . . ; rather the appointment of counsel . . . is a matter of discretion." Bligen v. Woughter, 2010 WL 779330, *1 (S.D.N.Y. 2010) (*citing* Wright v. West, 505 U.S. 277, 293 (1992)). Thus, "in determining whether, in the interest of justice, counsel should be appointed for a habeas petitioner, the Court considers the same factors as it considers on counsel applications by indigent plaintiffs under 28 U.S.C. §1915". McGrigg v. Killian, 2009 WL 536048, *1 (S.D.N.Y. 2009).

The decision as to whether or not to assign counsel lies clearly within the court's discretion. *See* In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the indigent has the ability to present the case; (5) whether the legal issues involved are complex; and (6) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *See* Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). I must consider the issue of appointment of counsel carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause". Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989).

Petitioner has not shown that he is incapable of pursuing his habeas petition. In fact, he has successfully moved to stay the petition while he exhausts the claims raised in his *coram nobis* motion. Decision and Order [6], pp. 8-9. Therefore, petitioner's motion for appointment of counsel is denied, without prejudice. At this time, it remains petitioner's responsibility to retain an attorney or to prosecute this action *pro se*. In order to assist petitioner in pursuing this case *pro se*, the clerk of court is directed to send petitioner the court's booklet entitled "*Pro Se* Litigation Guidelines".

**SO ORDERED.**

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: September 29, 2010